UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MAYRA RAMOS,                                                           CASE NO.: 9:25-cv-81011-DMM

    Plaintiff,
v.

SFM, LLC, a foreign limited liability
company, doing business in Florida as
SF MARKETS, LLC D/B/A SPROUTS
FARMERS MARKET, ZURICH AMERICAN
INSURANCE COMPANY and
MAPLEBEAR, INC.

    Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff, MAYRA RAMOS, by and through her undersigned counsel, seeks to Amend Complaint to add parties and hereby sues Defendants, SFM, LLC, a foreign limited liability company, doing business in Florida as SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, ZURICH AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation and MAPLEBEAR, INC., a Foreign Profit Corporation (hereafter referred to as Defendant) and in support thereof, alleges the following:

## GENERAL ALLEGATIONS

1.    This is an action for damages in excess of $50,000.00, exclusive of attorney's fees and costs.

2.    At all times material to this action, Plaintiff, MAYRA RAMOS, resided in BROWARD County, Florida and is otherwise *sui juris*.

3. At all times material to this action, Defendant, SFM, LLC, was a Foreign Limited Liability Company authorized and licensed to conduct and transact business in the State of Florida, specifically in PALM BEACH County, Florida.

4. At all times material to this action, Defendant, SFM, LLC, maintained agents or other representatives in PALM BEACH County, Florida, for purposes of carrying out its business.

5. At all times material to this action, Defendant, SFM, LLC, owned, maintained, possessed, and/or controlled the premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434.

6. At all times material to this action, Defendant, ZURICH AMERICAN INSURANCE COMPANY, was a Foreign Profit Corporation authorized and licensed to conduct and transact business in the State of Florida, specifically in PALM BEACH County, Florida.

7. At all times material to this action, Defendant, ZURICH AMERICAN INSURANCE COMPANY, maintained agents or other representatives in PALM BEACH County, Florida, for purposes of carrying out its business.

8. At all times material to this action, Defendant, MAPLEBEAR, INC., was a Foreign Profit Corporation authorized and licensed to conduct and transact business in the State of Florida, specifically in PALM BEACH County, Florida.

9. At all times material to this action, Defendant, MAPLEBEAR, INC., maintained agents or other representatives in PALM BEACH County, Florida, for purposes of carrying out its business.

10. On or about September 1, 2023, Plaintiff, MAYRA RAMOS, was lawfully on the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, when Plaintiff slipped and fell on a substance on the floor, causing the Plaintiff to sustain various damages.

11. At all times material to this action, Plaintiff was providing services for the benefit of MAPLEBEAR, INC. at the time of the subject incident.

12. At all times material to this action, Plaintiff was insured by a policy provided by and/or administered by ZURICH AMERICAN INSURANCE COMPANY, at the time of the subject incident.

13. At all times material to this action, Plaintiff was not prohibited from entering and/or being on the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434.

14. At all times material to this action, Plaintiff did not remain on the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, for an unreasonable amount of time and/or solely for her own convenience.

15. All conditions precedent to the filing and/or maintenance of this action against Defendant, SFM, LLC, have been performed, occurred, excused, and/or waived.

16. All conditions precedent to the filing and/or maintenance of this action against Defendant, ZURICH AMERICAN INSURANCE COMPANY, have been performed, occurred, excused, and/or waived.

17. All conditions precedent to the filing and/or maintenance of this action against Defendant, MAPLBEBEAR, INC., have been performed, occurred, excused, and/or waived.

18. Venue is proper in PALM BEACH COUNTY, Florida.

19. Jurisdiction is proper in PALM BEACH COUNTY Circuit Court.

## COUNT I
## NEGLIGENCE CLAIM AGAINST DEFENDANT, SFM, LLC

20. Plaintiff hereby adopts and realleges paragraphs one through nineteen (1-19) above, as though fully set forth and incorporated herein.

21. On or about September 1, 2023, Plaintiff, MAYRA RAMOS, was an invitee on SFM, LLC at or near the address 9831 Glades Rd, Boca Raton, FL 33434, which was owned, maintained, possessed, and/or controlled by Defendant, SFM, LLC

22. At all times material to this action, Defendant, SFM, LLC, owed a duty and non-delegable duty to the Plaintiff, MAYRA RAMOS, to maintain the floor and premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition.

23. At all times material to this action, Defendant, SFM, LLC, owed a duty and non-delegable duty to the Plaintiff to correct any dangerous conditions on the floor and premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, SFM, LLC, either knew or should have known, by the use of reasonable care.

24. At all times material to this action, Defendant, SFM, LLC, owed a duty and non-delegable duty to the Plaintiff to warn of any dangerous conditions on the floor and premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, about which Defendant, SFM, LLC, had, or should have had, knowledge greater than that of the Plaintiff.

25. At all times material to this action, Defendant, SFM, LLC, owed a duty and non-delegable duty to the Plaintiff to remedy any dangerous conditions on the floor and premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, about which Defendant, SFM, LLC, had, or should have had, knowledge greater than that of the Plaintiff.

26. At all times material to this action, Defendant, SFM, LLC, owed a duty and non-delegable duty to the Plaintiff to inspect any dangerous conditions on the floor and premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, about which Defendant, SFM, LLC, had, or should have had, knowledge greater than that of the Plaintiff.

27. Notwithstanding, Defendant, SFM, LLC, breached its duties owed to the Plaintiff in one or more of the following manners:

   a. Negligently failing to maintain the floor or premises, located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by not keeping the floor and/or premises free of substances where persons walk or navigate around the subject premises, thus creating a dangerous condition to customers and/or visitors of the business establishment, including the Plaintiff;

   b. Negligently failing to maintain the floor and/or premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434 in a reasonably safe condition by allowing the floor and/or premises to remain with substances where persons walk or navigate around the subject premises, thus creating a dangerous condition to customers and/or visitors of the business establishment, including the Plaintiff;

   c. Negligently failing to inspect or adequately inspect the floor and/or the premises with a dangerous condition located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, where persons walk or navigate around the subject premises, thus creating a dangerous condition to customers and/or visitors of the business establishment, including the Plaintiff;

   d. Negligently failing to devise and/or implement policies and procedures or adequate policies and procedures for purposes of evaluating and assessing whether the floor where persons walk or navigate around the subject premises, constitute or present a dangerous condition to customers and/or visitors of the business establishment, including the Plaintiff;

e. Negligently failing to inspect or adequately inspect the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, for purposes of evaluating and assessing whether it constitutes or presents a dangerous condition when there are substances on the flooring inside said premises, thus creating a foreseeable zone of risk to visitors and guests, including the Plaintiff, when traversing around the subject property;

f. Negligently failing to maintain or adequately maintain the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by not removing or adequately removing substances that accumulated on the flooring inside said premises, thus creating a foreseeable zone of risk to visitors, customers and guests, including the Plaintiff, when traversing around the subject property

g. Negligently failing to maintain or adequately maintain the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by not cleaning up and/or wiping away or adequately cleaning up and/or wiping away one or more substances that accumulated on the flooring inside said premises, thus creating a foreseeable zone of risk to visitors and guests, including the Plaintiff, when traversing around the subject property;

h. Negligently failing to maintain the floor located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by not limiting and/or restricting access around the subject premises where the floor contains substances and where persons walk or navigate around the subject premises, thus creating a dangerous condition to invitees, including the Plaintiff;

i.  Negligently failing to correct the dangerous condition by not cleaning the substance located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, where persons walk or navigate around the subject premises, about which Defendant, SFM, LLC, either knew or should have known, by the use of reasonable care;

j.  Negligently failing to correct the dangerous condition by allowing the floor located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, to remain with substances where persons walk or navigate around the subject premises, about which Defendant, SFM, LLC, either knew or should have known, by the use of reasonable care;

k.  Negligently failing to maintain or adequately maintain the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by allowing one or more substances that accumulated on the flooring inside said premises to remain, thus creating a foreseeable zone of risk to visitors and guests, including the Plaintiff, when traversing around the subject property;

l.  Negligently creating a dangerous condition on the subject premises located near 9831 Glades Rd, Boca Raton, FL 33434, by creating, and/or putting or allowing substances to be created or put on the floors, thus creating a foreseeable zone of risk to residents and/or guests of the community, including the Plaintiff, when traversing the subject property;

m.  Negligently failing to maintain or adequately maintain the subject premises located near 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition by creating or putting substances on the floor or allowing substances to be put on the

        floor, thus creating a foreseeable zone of risk to residents and/or guests of the community, including the Plaintiff, when traversing the subject property;

n.    Negligently failing to warn the Plaintiff of a dangerous condition in the form of the floor with substances located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, where persons walk or navigate around the subject premises, about which Defendant, SFM, LLC, had, or should have had, knowledge greater than that of the Plaintiff; and

28.    As a result, while the Plaintiff was lawfully on the premises located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, which was owned, maintained, possessed, and/or controlled by Defendant, SFM, LLC, she slipped and fell on a substance, sustaining losses, injuries, and damages.

29.    The dangerous condition(s) on the subject premises located near 9831 Glades Rd, Boca Raton, FL 33434, were created by Defendant, SFM, LLC, its agents, servants, and/or employees, and/or known to Defendant, SFM, LLC, its agents, servants, and/or employees, and/or existed for a sufficient length of time that in the exercise of ordinary care, Defendant, SFM, LLC, its agents, servants, and/or employees, knew or should have known of the dangerous condition(s), and/or the dangerous condition(s) occurred with regularity and was therefore foreseeable, and thus Defendant, SFM, LLC, its agents, servants, and/or employees, should have taken action to remedy it, but failed to do so, thereby creating a foreseeable zone of risk to those who traverse along the subject property

30.    As a direct and proximate result of Defendant, SFM, LLC'S failure to maintain the floor located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, in a reasonably safe condition, or in other words, due to Defendant, SFM, LLC'S negligence, Plaintiff suffered injuries

in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing condition(s), pre-disposition to further bodily injuries, expense of hospitalization, medical and/or nursing, services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

31. As a direct and proximate result of Defendant, SFM, LLC'S failure to correct the dangerous condition(s) found on the floor located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, about which Defendant, SFM, LLC, either knew or should have known, by use of reasonable care, or in other words, due to Defendant, SFM, LLC'S negligence, Plaintiff suffered injuries in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing condition(s), pre-disposition to further bodily injuries, expense of hospitalization, medical and/or nursing, services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

32. As a direct and proximate result of Defendant, SFM, LLC'S failure to warn the Plaintiff of the dangerous condition(s) found on the floor located at or near the address of 9831 Glades Rd, Boca Raton, FL 33434, about which Defendant, SFM, LLC had, or should have had, knowledge greater than that of the Plaintiff, or in other words, due to Defendant, SFM, LLC'S negligence, Plaintiff suffered injuries in and about her body and extremities, resulting in pain and

suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing condition(s), pre-disposition to further bodily injuries, expense of hospitalization, medical and/or nursing, services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, MAYRA RAMOS, demands judgment for all damages against Defendant, SFM, LLC, in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## COUNT II:
## MAYRA RAMOS CLAIM AGAINST DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY

33. Plaintiff, MAYRA RAMOS hereby adopts and realleges paragraphs one through nineteen (1-19) above, as though fully set forth and incorporated herein.

34. At all times material to this action, Plaintiff was an omnibus insured under the insurance policy issued by Defendant, ZURICH AMERICAN INSURANCE COMPANY bearing Policy Number, OCA4851084-02 in relation to the subject incident that occurred on the subject premises located at 9831 Glades Rd, Boca Raton, FL 33434, for the policy period effective September 1, 2023 to September 1, 2024.

35. As an omnibus insured, Plaintiff was entitled to recover reasonable expenses for first aid administered at the time of the incident, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

36. As an omnibus insured, Plaintiff was also entitled to recover reasonable expenses including but not limited to necessary medical, surgical, and X-ray services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

37. As an omnibus insured, Plaintiff was further entitled to recover reasonable expenses including but not limited to necessary ambulance, hospital, and professional nursing services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

38. As an omnibus insured, Plaintiff was further entitled to recover reasonable expenses for loss wages pertaining to both past and future due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023

39. Despite incurring reasonable expenses for (a) first aid administered at the time of the incident; (b) necessary medical, surgical, and X-ray services, care, and treatment; and (c) necessary ambulance, hospital, and professional nursing services, care, and treatment, (d) and loss wages due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023, and the timely reporting of those expenses, Defendant, ZURICH AMERICAN INSURANCE COMPANY, failed and continues to fail in accepting liability and tendering the Coverage including but not limited to reasonable expenses and loss wages.

40. As a result of the subject incident, Plaintiff, MAYRA RAMOS, suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition

to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and Plaintiff MAYRA RAMOS will continue to suffer such losses in the future.

41. The losses, injuries, and damages the Plaintiff sustained and will continue to sustain in the future as a direct and proximate result of the subject incident, Defendant, ZURICH AMERICAN INSURANCE COMPANY should pay for her suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and Plaintiff MAYRA RAMOS will continue to suffer such losses in the future.

42. As an omnibus insured, Plaintiff, MAYRA RAMOS is entitled to compensation including but not limited to Medical Payment coverage, lost wages, loss of future wages, expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses.

43. However, Defendant, ZURICH AMERICAN INSURANCE COMPANY, failed to compensate Plaintiff, MAYRA RAMOS, for all the losses, injuries, and damages she sustained and will continue to sustain in the future for which she is entitled to recover under the insurance policy.

44. Due to Defendant, ZURICH AMERICAN INSURANCE COMPANY failure to accept liability and tender the Coverage in accordance with the provisions of the insurance policy issued to MAPLEBEAR, INC. which was in full force and effect on September 1, 2023, Plaintiff has been required to retain The Injury Firm for purposes of prosecuting this lawsuit.

WHEREFORE, Plaintiff, MAYRA RAMOS demands judgment for all damages against Defendant, ZURICH AMERICAN INSURANCE COMPANY, in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## COUNT III:
## MAYRA RAMOS CLAIM AGAINST DEFENDANT, MAPLEBEAR, INC.

45. Plaintiff, MAYRA RAMOS hereby adopts and realleges paragraphs one through nineteen (1-19) above, as though fully set forth and incorporated herein.

46. At all times material to this action, Plaintiff was providing services for the benefit of MAPLEBEAR INC, at the time of the subject incident.

47. Plaintiff was injured while providing these services for MAPLEBEAR INC's benefit and to further the business of MAPLEBEAR INC and therefore is entitled to payments including but not limited to medical and lost wages.

48. As a result of the subject incident, Plaintiff, MAYRA RAMOS, suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses. The losses are either permanent

or continuing in nature and Plaintiff MAYRA RAMOS will continue to suffer such losses in the future.

49. The losses, injuries, and damages the Plaintiff sustained and will continue to sustain in the future as a direct and proximate result of the subject incident, Defendant, MAPLEBEAR INC should pay for her suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses.  The losses are either permanent or continuing in nature and Plaintiff MAYRA RAMOS will continue to suffer such losses in the future

50. As an individual who provided services on behalf of and/or for the benefit of MAPLEBEAR INC; Plaintiff, MAYRA RAMOS is entitled to compensation including but not limited to Medical Payment coverage, lost wages, loss of future wages, expense of hospitalization, medical and/or nursing services, care, and treatment, transportation expenses, and out-of-pocket expenses.

51. Plaintiff was entitled to recover reasonable expenses for first aid administered at the time of the incident, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

52. Plaintiff was also entitled to recover reasonable expenses including but not limited to necessary medical, surgical, and X-ray services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

53. Plaintiff was further entitled to recover reasonable expenses including but not limited to necessary ambulance, hospital, and professional nursing services, care, and treatment, due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023.

54. Plaintiff was further entitled to recover reasonable expenses for loss wages pertaining to both past and future due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023

55. Despite incurring reasonable expenses for (a) first aid administered at the time of the incident; (b) necessary medical, surgical, and X-ray services, care, and treatment; and (c) necessary ambulance, hospital, and professional nursing services, care, and treatment, (d) and loss wages due to the serious and permanent bodily injuries she sustained arising out of or relating to the incident that occurred on or about September 1, 2023,  Defendant, MAPLEBEAR INC., failed and continues to fail in accepting liability and tendering the Coverage.

56. However, Defendant, MAPLEBEAR INC, failed to compensate Plaintiff, MAYRA RAMOS, for all the losses, injuries, and damages she sustained and will continue to sustain in the future for which she is entitled to recover.

WHEREFORE, Plaintiff, MAYRA RAMOS demands judgment for all damages against Defendant, MAPLEBEAR INC, in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MAYRA RAMOS hereby demands trial by jury of all issues so triable as a matter of right. WHEREFORE, Plaintiff, MAYRA RAMOS, demands judgment for all damages against

Defendants, SFM, LLC, ZURICH AMERICAN INSURANCE COMPANY and MAPLEBEAR, INC.in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs, expert fees, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

RESPECTFULLY submitted August 31, 2025.

**THE INJURY FIRM**

*/s/ Peter Magnani*
Peter Magnani, Esq.
Florida Bar No.: 98675
Primary E-Mail Service Address:
Eservice5@flinjuryfirm.com
Secondary E-Mail Service Address:
Records@flinjuryfirm.com
Tertiary E-Mail Service Address:
Paralegal19@flinjuryfirm.com
Quaternary E-Mail Service Address
Peter@flinjuryfirm.com
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
*Counsel for Plaintiff*